IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH JONES                                                                    PLAINTIFF

v.                                    Case No. 4:21-cv-04094

TINA MAXWELL, Warden ACC;
MENENDEZ, Doctor, ACC;
KRISTIAN LEMAY, ARO, ACC;
MINORS, Assistant Warden, ACC;
JASON KELLY, ACC; and ARKANSAS
COMMUNITY CORRECTION                                                            DEFENDANTS

## ORDER

Kenneth Jones, currently incarcerated in the Southwest Arkansas Community Correction

Center ("SWACCC") in Texarkana, Arkansas, filed this *pro se* civil rights action under 42 U.S.C.

§ 1983 in the Eastern District of Arkansas on December 3, 2021.  ECF No. 1.  On December 9,

2021, the case was transferred to the Western District of Arkansas, Texarkana Division.  ECF No.

3.  That same day, the Court ordered Plaintiff to file an Amended Complaint and submit a

completed *in forma pauperis* ("IFP") application or pay the filing fee by December 30, 2021.  ECF

No. 5.  The order informed Plaintiff that failure to comply would result in the case being dismissed

without prejudice.  Plaintiff did not respond and the order directing him to do so has not been

returned as undeliverable.

On January 5, 2022, the Court entered an order directing Plaintiff to show cause by January

26, 2021, as to why he failed to comply with the Court's order directing him to file an Amended

Complaint and submit an IFP application or pay the filing fee.  ECF No. 6.  This order also

informed Plaintiff that failure to comply would result in this case being dismissed.  To date,

Plaintiff has not responded to the show cause order and the order has not been returned to the Court

as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 11th day of February 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2